Weight, J.,
delivered the opinion of the Court.
The complainants, who were merchants of the city of Nashville, sold and delivered to the firm of J. & D. Snodgrass, of Sparta, in White county, a bill of goods. This firm was composed of Joseph Snodgrass and the defendant, David Snod-grass, jr., and, at the time of the purchase of the goods, were partners under the firm and style aforesaid. A portion of the goods were purchased in February, 1857, and other portions in March and April of the same year.
On the 14th of September afterwards, the partnership of Joseph and David Snodgrass, jr., was dissolved, but no notice of the dissolution was given to the complainants. The debt for the goods remaining unpaid, in the form of an account upon the mercantile books of the complainants, they, in January, 1858, sent their agent, with the account, to Sparta, to get a settlement of the same from the firm of J. & D. Snod-grass, where he saw Joseph Snodgrass, and closed the account by taking the note of the firm, payable to the complainants, and which they now hold. At the time of taking the note he receipted the account by the note. Joseph Snodgrass has since died, and the defendant insists he is not liable to the complainants either for the payment of the account or note, because the taking of the note extinguished the account, and its execution created no liability upon him, he not being present at the time it was made, and having given no new authority to Joseph Snodgrass for that purpose, and the co-partnership being then dissolved. This position cannot be maintained. We are satisfied, from the pleadings and proof, that a,t the time of the execution of the note neither the complainants or their agent had any notice whatever of the dissolution of the firm of J. & D. Snodgrass, but acted in the belief that the co-partnership still existed. It is not even *372 shown that any publication of the dissolution was made in a gazette. The answer of the defendant, to he sure, so states; but there is no proof of the fact, and we cannot notice it. But even if such a publication had been made, it would avail the defendant nothing, inasmuch as complainants were previous dealers with the firm, and entitled to actual notice of its dissolution before they shall be deprived of their right to hold all its members responsible for the contract of one made in good faith in the name of the firm. The defendant does not pretend that any such notice was given by him or Joseph Snodgrass, and we are convinced that complainants, in fact, had no such notice. The result is that the defendant must be held bound for the payment of the note in the same manner as if the firm had not been dissolved. Hutchins v. The Bank of Tennessee, 8 Hum., 418; Hutchins v. Sims, 8 Hum., 423; Hutchins v. Hudson, 8 Hum., 426.
In answer to this it is said complainants have a plain and unembarrassed remedy in a Court of Common Law, and that their bill having been demurred to, the same should have been dismissed, and they left to their legal remedy. We think their remedy at law was complete; but the demurrer here cannot be of any service to the defendant, because it is general in its terms, after the form of a general demurrer in the English chancery practice, and does not state the want of jurisdiction as the ground of it. By section 2934 of the Code, demurrers 'for formal defects are abolished, and those only for substantial defects are "allowed. And all demurrers shall state the objection relied on. The provisions of this law are general, and must, in reason and common sense, be held to embrace demurrers in all Courts, chancery as well as law. By sections 4318 and 4319, the defendant cannot avail himself of a want of jurisdiction in the Court, except he do so by plea or demurrer. And by section 4321 the filing of an answer is a waiver of objection to the jurisdiction of the Court; and the cause shall not be dismissed, but heard and determined upon its merits, although the Court may be of opinion that the matters complained of are of legal cognizance. The *373 Chancellor then did not err -in overruling this demurrer. Indeed it must he regarded as a nullity; and the defendant having answered, the jurisdiction of the Court of Chancery to hear and determine the cause became perfect. It would be most unreasonable now, after these parties have gone through the vexation and delay of a trial in the Court of Chancery and in this Court, to permit the defendant to turn complainants over to their legal remedy, when, if he had stated in his demurrer the want of jurisdiction as the ground of it, the proper forum might, at once, have been resorted to.
The decree of the Chancellor will be affirmed.